FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 15 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03145-LTB

ANDRE J. TWITTY, also known as
ANDRE TWITTY, also known as
A. J. TWITTY,

    Applicant,

v.

BLAKE DAVIS, and CHARLES DANIELS, named as BLAKE DANIELS,

    Respondents.

---

SECOND ORDER DENYING MOTIONS TO RECUSE AND RECONSIDER

---

    Applicant, Andre J. Twitty, also known as Andre Twitty and as A. J. Twitty, filed *pro se* on March 9, 2011, a motion titled "Motion to Alter Court's Fraudulent Order Pursuant to Rule 59(e) Fed. R. C. P. Recusal of Judge Babcock Pursuant to 455 28 USC Abuse of Discretion Brief In Support" asking the Court to reconsider and vacate the "Order Dismissing Case and Imposing Sanctions" filed in this action on February 28, 2011. Mr. Twitty also moves for a new judge be assigned to this case because the Court allegedly is biased and prejudiced against him. The motions filed on March 9 are identical to the motions Mr. Twitty previously filed on March 8, 2011. Only the attachment to the motions is different.

    The Court must construe the motions liberally because Mr. Twitty is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the

motions will be denied.

The Court first will address Mr. Twitty's request for assignment of a new judge. The Court will consider this request pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard

is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Twitty's allegation that the Court is biased and prejudiced against him is based solely on his disagreement with the Court's reasoning in the order dismissing this action and imposing sanctions. As a result, he fails to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the request for assignment of a new judge will be denied.

The Court next will address Mr. Twitty's motion to reconsider the order dismissing this action. The motion is filled with obscenities and, therefore, will be stricken pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure.

Accordingly, it is

ORDERED that, to the extent the motion titled "Motion to Alter Court's Fraudulent Order Pursuant to Rule 59(e) Fed. R. C. P. Recusal of Judge Babcock Pursuant to 455 28 USC Abuse of Discretion Brief In Support" filed by Applicant, Andre J. Twitty, on March 9, 2011, asks for the Court's recusal, the motion is denied. It is

FURTHER ORDERED that, to the extent the motion titled "Motion to Alter Court's Fraudulent Order Pursuant to Rule 59(e) Fed. R. C. P. Recusal of Judge Babcock Pursuant to 455 28 USC. Abuse of Discretion Brief In Support" asks the Court to reconsider and vacate the "Order Dismissing Case and Imposing Sanctions" filed in this action on February 28, 2011, the motion is stricken pursuant to Fed. R. Civ. P. 12(f)(1).

It is

FURTHER ORDERED that, if Mr. Twitty persists in filing motions to recuse and/or reconsider in the instant action, the Court will consider directing the clerk of the Court to strike such motions in the future.

DATED at Denver, Colorado, this __15th__ day of ____March____, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03145-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 15, 2011.

                         GREGORY C. LANGHAM, CLERK

By:_____
                            Deputy Clerk